IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAMAR WALTON,**

      **Plaintiff,**

      v.                                                     **CASE NO. 23-3077-JWL**

**UNIFIED GOVERNMENT OF**
**WYANDOTTE COUNTY, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983 on March 17, 2023. At the time of filing, Plaintiff was in custody at the Wyandotte County Detention Center in Kansas City, Kansas. Plaintiff filed a motion for leave to proceed in forma pauperis. (Doc. 2.) On March 21, 2023, the Court granted Plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee in the amount of $6.00, calculated under 28 U.S.C. § 1915(b)(1). (Doc. 3.) The order provided that the failure to pay the initial partial filing fee or file an objection by April 4, 2023, "may result in the dismissal of this matter without further notice." *Id*. Plaintiff failed to pay the fee or file an objection by the Court's deadline. On April 12, 2023, the Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b). (Doc. 4.) This matter is before the Court on Plaintiff's Motion to Reopen Civil Suit (Doc. 6). The motion was filed with the Court on April 10, 2024.[1]

Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter

---

[1] Plaintiff signed his motion on April 3, 2024. *See United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019) (citation omitted) ("Because Dr. Hopkins was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes.").

or amend a judgment must be filed no later than 28 days after the entry of the judgment.")
Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks and citation omitted).

The Prison Litigation Reform Act "placed several limitations on prisoner litigation in federal courts." *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). "Among those limitations, Congress required prisoners qualified to proceed *in forma pauperis* nevertheless to pay an initial partial filing fee." *Id*. However, "[t]he initial partial filing fee may not be exacted if the prisoner has no means to pay it." *Id*. (citing 28 U.S.C. § 1915(b)(4)); *cf. Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001) (unpublished) ("[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee.").

The Court's Order assessing the initial fee stated that "[a]ny objection to this order must be filed on or before the date payment is due" and "[t]he failure to pay the fee as directed may result in the dismissal of this matter without further notice." (Doc. 3.) In his motion to reopen, Plaintiff does not argue that any of the exceptions in Rule 60(b) apply. He argues that he did not

understand that he was required to pay the initial filing fee in light of his *in forma pauperis* status, and that he now has the funds to pay the initial fee. (Doc. 6, at 1–2.) Plaintiff did not respond to the Court's order assessing an initial fee. He did not object to the fee, seek an extension of time to pay the fee, or seek a waiver of the fee due to a lack of funds. He did not respond at all until a year later when he filed the instant motion to reopen.

Plaintiff's motion does not show circumstances warranting reopening this closed case a year after it was dismissed. *See Hendrix v. Durrett*, 2007 WL 2701964, at *1 (D. Kan. 2007) (where plaintiff was released and did not receive the court's order for payment of an initial partial filing fee or the court's subsequent order and judgment dismissing plaintiff's case, the court found that "[n]otwithstanding the alleged circumstances facing plaintiff upon his release from jail, the court finds no exceptional circumstances warranting relief under Rule 60(b) in this matter, especially where the court dismissed the complaint without prejudice").

The Court denies the request to reopen this case. Plaintiff's case was dismissed without prejudice to refiling any claims he seeks to pursue. Therefore, he may file a new action based on his claims.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Reopen Civil Suit (Doc. 6) is **denied.**

**IT IS SO ORDERED**.

Dated April 15, 2024, in Kansas City, Kansas.

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**